UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, R. DIN, BRACAMONTE, A. AGUIRRE, M. RICO, DANAL, AVILES, F. LOPEZ, J. CURIEL, M. SIGALA, AND R. CRAIG,<br><br>Defendants. | Case No.: 18CV942-MMA(BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 21]** |

On September 12, 2018, Plaintiff filed a request for appointment of counsel that was accepted by the Court on discrepancy on September 20, 2018. ECF Nos. 20 and 21. Plaintiff requests that the Court appoint counsel to represent his interests in the instant matter. Id. at 2-3. In support, Plaintiff states that (1) he has a meritorious claim, (2) his ability to collect evidence and conduct discovery is limited due to his incarceration, (3) he may suffer retaliation at the hands of prison officials for conducting discovery and investigating his case, (4) credibility issues will be an important factor in this case, (5) he is not a "jailhouse lawyer" and has a limited education, (6) complex legal and factual issues will arise in this matter, and (7) this case may be tried before a jury. Id. For the following reasons, Plaintiff's motion is **DENIED**.

The Constitution provides no right to appointment of counsel in a civil case unless an

indigent litigant may lose his physical liberty if he loses the litigation. See Olson v. Smith, 609 F. App'x 370, 372 (9th Cir. 2015) ("[a]s a general proposition, a civil litigant has no right to counsel") (citing Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981) ("[t]he pre-eminent generalization that emerges from this Court's precedents on an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation"). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Thus far, Plaintiff has drafted and submitted pleadings and motions without the assistance of counsel. See Docket. In addition to the instant motion, he has submitted a complaint (ECF No. 1), a motion to proceed *in forma pauperis* (ECF No. 2), a prisoner trust fund account statement (ECF No. 3), and a motion to amend the complaint (ECF No. 7). From the Court's review of these documents, it is clear that Plaintiff is able to articulate the claims of his case. In addition, Plaintiff does not demonstrate a likelihood of success on the merits such that his case should be classified as an "exceptional circumstance[]." Agyeman, 390 F.3d at 1103; see also Wilborn, 789 F.2d at 1331. Because Plaintiff has not alleged the requisite "exceptional circumstances" at this time, the Court **DENIES** without prejudice Plaintiff's request for appointment of counsel.

**IT IS SO ORDERED**.

Dated: 9/20/2018

Hon. Barbara L. Major
United States Magistrate Judge

2